SJG
STRANCH, JENNINGS & GARVEY
PLLC

July 31, 2026

***By CM/ECF***
Molly C. Dwyer
Clerk of Court
United States Court of Appeals for the Ninth Circuit
James R. Browning Courthouse
95 Seventh Street
San Francisco, CA 94103

Re: *Williams v. Capital One Financial Corp.*, No. 26-4182
Response to Capital One's Rule 28(j) notice of supplemental authority

Dear Ms. Dwyer:

The Court should strike Capital One's letter because it identifies no intervening or supplemental authority. Instead, it improperly attempts to supplement the evidentiary record through a Rule 28(j) letter—precisely what Rule 28(j) does not permit. *See Trans-Sterling, Inc. v. Bible*, 804 F.2d 525, 528 (9th Cir. 1986).

Still, there is nothing inconsistent about allowing Gary Ingraham—whose claims were dismissed for lack of standing—to pursue those claims elsewhere. Even if the state court action proceeds, the district court's denial of class certification still sounds the death knell for millions of consumers outside California because Mr. Ingraham does not seek to represent a nationwide class there.

Nor does Mr. Ingraham's state court action undermine the merits of other members' claims. He was dismissed from this case not because Capital One's conduct was insufficiently offensive, but because the district court erroneously concluded that his post-Complaint application for a Capital One credit card defeated his expectation of privacy. Dkt. 304 at 13. Other courts have rejected that very theory. *See, e.g.*, *Rodriguez v. Google, LLC*, 2024 WL 38302, at *7 (N.D. Cal. Jan. 3, 2024) ("[P]laintiffs need not show they unilaterally stopped using Google's services after learning about sWAA's alleged privacy violations to be able to aver they suffered harm."); *In re Yahoo Mail Litig.*, 308 F.R.D. 577, 589 (N.D. Cal. 2015).

**NASHVILLE**
The Freedom Center
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Phone: 615.254.8801
Fax: 615.255.5419

**ST. LOUIS**
Peabody Plaza
701 Market Street, Suite 1510
St. Louis, MO 63101
Phone: 314.390.6750
Fax: 615.255.5419

**LAS VEGAS**
3100 W. Charleston Blvd.
Suite 208
Las Vegas, NV 89102
Phone: 725.235.9750
Fax: 702.840.2812

**OAKLAND**
1111 Broadway
Suite 300
Oakland, CA 94607
Phone: 341.217.0550
Fax: 615.255.5419

**EMAIL**
info@stranchlaw.com

**WEBSITE**
stranchlaw.com

Faced with that erroneous ruling, Mr. Ingraham had no choice but to file a separate action before the statute of limitations for his claims expired. Otherwise, he risked forfeiting his claims altogether.

Finally, Capital One invents a factual inconsistency where none exists. The Petition and the state court complaint explain that Capital One uniformly configured its website with multiple tracking technologies to transmit various categories of information to third parties for their own use. *E.g.*, Pet. at 5, 12–17, 18–19; Reply at 2–6. The operation of each tracking technology, its purpose, and the information it transmitted were the same for every consumer who triggered them.

In short, Capital One's letter should be stricken, and it provides no basis to deny the Petition.

Respectfully submitted,

*/s/ Lesley E. Weaver*
J. Gerard Stranch, IV
Lesley E. Weaver
Anne K. Davis
Michael C. Iadevaia
STRANCH, JENNINGS & GARVEY, PLLC

Lynn A. Toops
COHENMALAD, LLP

*Counsel for Plaintiff-Petitioner*

## CERTIFICATE OF SERVICE AND COMPLIANCE

This letter complies with the word limitation of Federal Rule of Appellate Procedure 28(j) and Ninth Circuit Rule 28-6 because this letter contains 346 words as determined by Microsoft Word.

I hereby certify that on July 31, 2026, I electronically filed the foregoing reply with the Clerk of the Court for the U.S. Court of Appeals for the Ninth Circuit using the ACMS system. All participants are registered ACMS users and will be served by the ACMS system.

*/s/ Lesley E. Weaver*
Lesley E. Weaver